{¶ 52} I respectfully dissent.
 {¶ 53} Based on a so-called tip from an unknown informant, who could not be produced and whose reliability could not be substantiated save for information about appellant that could have been provided by anyone who knew her, including a disgruntled neighbor or spurned paramour, the police lay in wait. Their quarry was captured by a purely pretextual stop which was even more questionable as its basis was the driver (not even appellant) driving over a centerline which may or may not have been there, at an intersection, at a curve and with no other traffic. Appellant, the passenger, surrounded by three police cars and at least three officers, was told to get out and place her hands on the car. She then was read her Miranda rights. Thus, encircled by a jailhouse wall of bricks made of air, appellant eventually submitted to authority, thinking she was under arrest.
 {¶ 54} In my view, the appellee utilized transparent arguments to show compliance with current United States and Ohio Supreme Court cases to build justification for an outright violation of appellant's Fourth Amendment rights. I would reverse the trial court's ruling on appellant's motion to suppress and remand the case back to the trial court for further proceedings.